UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JAMES JEVNE,<br><br>                    Plaintiff,<br><br>              v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. EDCV 14-809 JC<br><br>MEMORANDUM OPINION |

**I.   SUMMARY**

On May 2, 2014, plaintiff Gregory James Jevne ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; May 7, 2014 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On or about February 14, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 10, 238, 246). Plaintiff asserted that he became disabled on October 1, 2006, due to L5 s1 lower back blown disc, manic depression, and attention deficit hyperactivity disorder (ADHD). (AR 10, 301). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on November 30, 2012. (AR 28-64).

On January 14, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 10-21). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, ADHD, lumbago, thoracic and lumbar spine neuritis/radiculopathy, and depression (AR 12); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 12-13); (3) plaintiff retained the residual functional capacity to perform a range of light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[2] (AR 14); (4) plaintiff could not perform his past relevant

---

[1]The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2]The ALJ determined that plaintiff: (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could stand and/or walk for four hours out of an eight-hour workday, but for no more than 10 to 15 minutes at a time; (iii) could sit for six hours out of an eight-hour workday, but with brief position changes after 30 to 45 minutes, and with regular breaks;

(continued...)

work (AR 19-20); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically ticket counter, addressing clerk, and table worker (AR 20-21); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 15).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

///

---

[2](...continued)
(iv) could not constantly or repetitively push and/or pull with the lower extremities; (v) could occasionally stoop, bend, climb stairs, and balance; (vi) was precluded from kneeling, squatting, crouching, or crawling; (vii) could not work at unprotected heights, around moving machinery, or around other hazards; (viii) was precluded from climbing ladders, ropes, or scaffolds; (ix) could not perform jobs that require hypervigilance or intense concentration on a particular task – meaning he could not be off task for even the briefest amount of time, like watching a surveillance monitor or where safety may be an issue; (x) was precluded from fast paced production or assembly line-type work; (xi) could handle limited changes in the workplace setting or routine; (xii) was limited to occasional and casual non-intense interaction with the public; and (xiii) was limited to unskilled work and work that could be performed with data or objects rather than people. (AR 14).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

///

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.     DISCUSSION**

Plaintiff contends that a reversal or remand is required because the ALJ inadequately evaluated the credibility of his subjective complaints. (Plaintiff's Motion at 2-7).  The Court disagrees.

**A.     Pertinent Law**

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis."  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  "First, the ALJ must determine whether the claimant has

presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find a claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the claimant's statements and testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; Social Security Ruling ("SSR") 96-7p.[3] Although an ALJ may not disregard a claimant's testimony solely because it is not

---

[3]Although they do not carry the "force of law," Social Security Rulings are binding on ALJs. See 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citation and internal quotation marks omitted). Such rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." Molina, 674 F.3d at 1113 n.5 (citations and internal quotation marks omitted); Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security Rulings).

substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his or her credibility assessment. Burch, 400 F.3d at 681.

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger, 464 F.3d at 972. Accordingly, if the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**B.  Analysis**

Here, the ALJ properly evaluated plaintiff's credibility.

First, the ALJ properly discounted the credibility of plaintiff's subjective complaints as inconsistent with plaintiff's daily activities and other conduct. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Verduzco v. Apfel,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). For example, as the ALJ noted, contrary to plaintiff's allegations of disabling pain, plaintiff told the psychiatric consultative examiner that he "[was] able to take care of household chores . . . [such as] cooking and making snacks, going to the store, and running errands" and could "drive[] his own automobile." (AR 15) (citing Exhibit 7F at 3 [AR 431]). Plaintiff also reported that he was able to continue, albeit on a limited basis, his hobbies of off-roading and boating. (AR 15) (citing Exhibit 3E at 5 [AR 285]). The ALJ properly concluded that such activities were "inconsistent with [plaintiff's] allegations of physical disability" (*i.e.*, that plaintiff was unable to lift more than six pounds, sit more than 30 minutes, and walk more than a quarter of a mile). (AR 14-15, 40).

///

While plaintiff correctly suggests that a claimant "does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted), this does not mean that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount the credibility of conflicting subjective symptom testimony. See Molina, 674 F.3d at 1113 ("[An] ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting . . . [e]ven where those activities suggest some difficulty functioning. . . .") (citations omitted). Here, even though plaintiff stated that he had difficulty functioning, the ALJ properly discounted the credibility of plaintiff's subjective-symptom testimony to the extent plaintiff's daily activities were inconsistent with plaintiff's allegedly "totally debilitating impairment." Id.; see, e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair, 885 F.2d at 604). While plaintiff suggests that plaintiff's "limited activities of daily living" are not inconsistent with his allegations of disabling pain (Plaintiff's Motion at 4-6), the Court will not second-guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff.

Second, the ALJ properly discounted plaintiff's credibility based on plaintiff's "unexplained or inadequately explained failure to seek treatment [consistent with the alleged severity of plaintiff's subjective complaints] . . . ." Molina, 674 F.3d at 1113 (citations and internal quotation marks omitted); see SSR 96-7p at *8 ("[Claimant's] statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment

as prescribed and there are no good reasons for this failure."). For example, despite plaintiff's complaints of disabling low back pain, as the ALJ noted, plaintiff did not seek treatment for his back for a period of almost two years (*i.e.*, from February 11, 2008 to January 20, 2011). (AR 16, 403-05, 469-70). As the ALJ also noted, although plaintiff "reported a history of bipolar disorder, depression, anger issues, and obsessive compulsive behavior" (AR 42), the record reflects that plaintiff received only limited psychiatric treatment. (AR 17; AR 350-70 [October 6-16, 2006]; AR 516-21 [February 8, 2008]; AR 515 [October 4, 2011]); see, e.g., Molina, 674 F.3d at 1114 (ALJ properly discounted plaintiff's credibility based on infrequency of treatment where plaintiff's resistance to treatment was based on personal preference rather than the result of plaintiff's mental impairment).

     Finally, the ALJ properly discredited plaintiff's subjective symptom testimony due, in part, to the absence of supporting objective medical evidence. Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Rollins, 261 F.3d at 857 (same) (citation omitted). For example, as the ALJ noted, although a 2006 physical examination showed that plaintiff had difficulty walking, positive straight leg raising test, and tenderness to palpation over the lumbar spine, plaintiff was conservatively treated with only pain medication and muscle relaxers. (AR 16) (citing Exhibit 3F at 18 [AR 388]); see, e.g., Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."), cert. denied, 552 U.S. 1141 (2008) (citation omitted). As the ALJ also noted, plaintiff stated that epidural injections had "helped" with his pain. (AR 16, 374; see also AR 385, 388-89, 398 [July 27, 2007 treatment note reflecting plaintiff said "his last epidural injection lasted two and one-half years" and that plaintiff "has done well with an epidural injection"]), 399

[February 1, 2008 treatment note reflecting plaintiff said he "had an epidural about eight months ago and it worked great"]); see, e.g., Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") (citations omitted); cf. Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (evidence that claimant "responded favorably to conservative treatment" undermines plaintiff's reports of disabling pain). The ALJ also noted that when plaintiff resumed treatment for his low back pain in February 16, 2012, an examination showed only "moderate" spine tenderness, and normal range of motion. (AR 16) (citing Exhibit 21F at 2 [AR 526]). With respect to plaintiff's mental impairment, mental status examinations for plaintiff noted at most depressed mood, but were otherwise generally unremarkable. (AR 17, 353, 364, 369, 432-33, 505-06, 515, 520).

Accordingly, a reversal or remand is not warranted on this basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 26, 2014

                                                /s/
                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE